# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10283
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARK LEE CLEATON,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-3-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mark Lee Cleaton appeals the 80-month sentence imposed following his jury conviction of four counts of wire fraud. *See* 18 U.S.C. § 1343. Cleaton argues that the district court clearly erred by applying the two-level sophisticated means enhancement of U.S.S.G. § 2B1.1(b)(10)(C) (2015) to his offense level.

Cleaton was convicted of wire fraud spanning nearly a year, from August 2009 through July 2010, in connection with actions that he took as the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10283

President and Director of North American Capital Investment Fund, LP (NACIF) and the sole owner and managing member of North American Capital, LLC (NAC). The loss amount caused by his actions, calculated from three schemes of conduct involving NACIF and NAC, was more than two million dollars.

Cleaton used both NACIF and NAC to entice money from investors, while misrepresenting that their money would be invested in legitimate real estate investment funds and/or transactions. He then used investor-supplied money for illegitimate purposes, such as paying personal expenses, making Ponzi-type payments to investors/lenders, and funding other businesses. Cleaton used numerous bank accounts to commit the offense and, with the assistance of an attorney, prepared fraudulent documents to legitimize his actions and entice investors. He took actions that were designed to conceal the fraudulent nature of his business and make the "investments" he offered appear legitimate. Under these circumstances, the district court did not clearly err in applying the § 2B1.1(b)(10)(C) enhancement. *See* § 2B1.1, comment. (n.9(B)); *United States v. Conner*, 537 F.3d 480, 492 (5th Cir. 2008).

AFFIRMED.